## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOHN W. SIMS, JR., JOHN W. SIMS, JR., *d/b/a Maxx Wireless*, </br></br>Plaintiffs,</br></br>v.</br></br>MID-CENTURY INSURANCE COMPANY,</br></br>Defendant. | )</br>)</br>)</br>)</br>)  Case No.  1:21-cv-01056</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

## ORDER & OPINION

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 8). Plaintiff[1] has responded. (Doc. 9). This matter is therefore ripe for review. For the following reasons, the Motion is granted.

### BACKGROUND

Plaintiff had an insurance policy through Defendant covering certain property in Peoria, Illinois, that was damaged by a fire in July 2019. (Doc. 1-1 at 6–7).[2] Plaintiff thereafter submitted a claim for insurance coverage to Defendant. (Doc. 1-1 at 7). In June 2020, Defendant denied the claim for insurance coverage because "substantial evidence exist[ed] which [led] [it] to conclude no coverage [was] available based upon

---

[1] As the plaintiffs in this action are an individual and that individual's business identity, the Court will refer to them collectively as "Plaintiff" in the singular.
[2] The page numbers in the Court's citations refer to the Bates stamp created by the Court's CMECF system.

the policy's Intentional and Dishonest or Criminal Acts provisions and the policy's Concealment, Misrepresentation or Fraud provision." (Doc. 1-1 at 7, 24).

Plaintiff thus filed suit against Defendant for breach of contract. In connection with his claim, Plaintiff seeks relief under 215 ILCS 5/155 and a declaration that Defendant has waived and/or is estopped from raising policy defenses not identified in the denial letter, which is attached to and therefore incorporated in the Complaint, *see Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

### LEGAL STANDARD

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain a short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint need only contain enough facts to present a story that holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." (internal quotation marks omitted)).

On review of a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). This means the Courts accepts all well-pleaded factual allegations as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Id.* Allegations that are, in reality, legal conclusions are not taken as true and cannot survive a Rule 12(b)(6) challenge. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

## DISCUSSION

Defendant argues Counts II and III should be dismissed for failure to state a claim. The Court will address each in turn.

### I. Count II – Claim for Relief under 215 ILCS 5/155

In Count II of the Complaint, Plaintiff seeks statutory relief under the Illinois Insurance Code, 215 ILCS 5/155. Section 155(1) provides, in relevant part:

> "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance . . . and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of [three designated] amounts."

215 ILCS 5/155(1). "As described by the Supreme Court of Illinois, section 155 provides an 'an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519, 675 N.E.2d 897, 900 (1996)). However, "[i]f there is a bona fide dispute regarding coverage—meaning a dispute

that is [r]eal, genuine, and not feigned—statutory sanctions [under section 5/155] are inappropriate." *Id.* (quoting *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007)); *see also Nine Grp. II, LLC v. Liberty Int'l Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 44, *appeal denied*, 154 N.E.3d 803 (Ill. 2020) (gathering cases and stating "Section 155 costs and sanctions are inappropriate when a *bona fide* dispute regarding coverage exists"); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) ("[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." (internal citations omitted)).

Here, Defendant denied Plaintiff's insurance claim after, in Plaintiff's words, an "exhaustive investigation" (doc. 9 at 3, 4) because it concluded "substantial evidence exist[ed] which [led] [it] to conclude no coverage [was] available based upon the policy's Intentional and Dishonest or Criminal Acts provisions and the policy's Concealment, Misrepresentation or Fraud provision" (doc. 1-1 at 24). Specifically, Defendant concluded Plaintiff was involved in intentionally setting the fire which predicated the insurance claim at issue and concealed his involvement during Defendant's investigation of the claim. (Doc. 1-1 at 25). In the denial letter, Defendant provided an extensive, detailed synopsis of the evidence supporting its conclusion. (Doc. 1-1 at 25–27). Plaintiff, however, denies these allegations. (Doc. 1-1 at 7).

4

Plaintiff asserts no factual allegations indicating Defendant's denial of his insurance claim was vexatious or unreasonable within the meaning of section 155. Rather, the Complaint and its attached exhibits indicate there is a bona fide dispute as to whether he was involved in the alleged arson, the answer to which will dictate whether the loss was covered by the policy. Additionally, Defendant identified specific policy provisions as reasons to deny coverage, seemingly asserting legitimate policy defenses. Plaintiff's conclusive allegation that Defendant acted unreasonably and vexatiously in denying his insurance claim (doc. 1-1 at 4) is insufficient to state a claim for relief and is belied by the documentation attached to his Complaint. Absent additional facts, the authority cited above suggests relief under section 155 is not appropriate in this case, even if Plaintiff ultimately prevails on his breach of contract claim in Count I.[3]

While review of the Complaint and its exhibits leads the Court to suspect Plaintiff will not be able to cure this factual deficiency, the Court cannot conclusively say amendment would be futile. Plaintiff may therefore file an amended complaint. *See Glover v. Carr*, 949 F.3d 364, 367–68 (7th Cir. 2020) ("The district court should

---

[3] Plaintiff's assertion he would be entitled to section 155 relief if he ultimately establishes Defendant's allegations are false (doc. 9 at 2) is patently incorrect; not only is such relief unavailable if the denial of coverage results in a bona fide coverage dispute, but the decision to award such relief is discretionary, *see* 215 ILCS 5/155(1); *Citizens First Nat. Bank of Princeton*, 200 F.3d at 1109. Moreover, the cases Plaintiff cites as support for his claim are inapposite. In *Meier v. Aetna Life & Cas. Standard Fire Ins. Co.*, 149 Ill. App. 3d 932, 943 (1986), the insurance company "acted in clear contravention of the mandate of the Illinois Department of Insurance" with regard to the insured's claim. And in *Richardson v. Illinois Power Co.*, 217 Ill. App. 3d 708, 710–11 (1991), the insurance company inexplicably failed to defend its insured, a violation of their policy. Neither of these cases are remotely analogous.

freely give leave to amend a complaint 'when justice so requires,' Fed. R. Civ. P. 15(a)(2), but it may deny leave to amend a complaint if the amendment would be futile.").

## II. Count III – Claim for Estoppel and/or Waiver

In Count III, Plaintiff asserts Defendant has waived its right to assert and/or should be estopped from henceforth asserting any policy defense other than those raised in the denial letter. (Doc. 1-4 at 9–10).

In his response, Plaintiff correctly explains the concept of waiver. (Doc. 9 at 3). It "is an equitable principle invoked to further the interests of justice whenever a party initially relinquishes a known right or acts in such a manner as to warrant an inference of such relinquishment." *Stewart v. Nw. Mut. Life Ins. Co.*, 180 F. Supp. 3d 566, 572 (N.D. Ill. 2016) (quoting *Lumbermen's Mut. Cas. Co. v. Sykes*, 384 Ill. App. 3d 207, 219, 890 N.E.2d 1086, 1097 (2008)). "A waiver may be either express or implied, arising from acts, words, conduct, or knowledge of the insurer." *Id.* (quoting *Home Ins. Co. v. Cincinnati Ins. Co.*, 213 Ill. 2d 307, 326, 821 N.E.2d 269, 282 (2004)). Implied waivers occur only "when conduct of the person against whom waiver is asserted is inconsistent with any intention other than to waive it." *Id.* (quoting *Home Ins. Co.*, 213 Ill. 2d at 326).

But Plaintiff's Response fails to explain what facts in the Complaint support his waiver claim. Seemingly, the premise is Defendant's decision to identify specific policy defenses in the denial letter operates as a waiver of any other policy defenses against Plaintiff's claim. However, this position ignores the elephant in the room: the denial letter explicitly stated: "Please . . . be advised nothing contained in this letter

in any way waives any rights or defenses we may have under your policy." (Doc. 1-1 at 27). An express reservation of a right is antithetical to an express or implied relinquishment of said right. Defendant plainly did not waive its right to assert policy defenses not raised in the denial letter.[4]

Plaintiff's estoppel claim does not fare any better for similar reasons. "Equitable estoppel is a doctrine that is invoked to prevent fraud and injustice; the test is whether, considering all the circumstances of the specific case, conscience and honest dealing require that a party be estopped." *Payne v. Mill Race Inn*, 152 Ill. App. 3d 269, 276–77, 504 N.E.2d 193, 199 (1987). Estoppel is appropriate when "a party, by his word or conduct, reasonably induces another to rely on his representations, and leads another, as a result of that reliance, to change his position to his injury." *Id.* "To establish estoppel in an insurance context, the insured must show that (1) the acts or statements of the insurer or its agent misled her, (2) she relied on those representations, (3) her reliance was reasonable, and (4) she suffered detriment or prejudice because of her reliance." *Safeway Ins. Co. v. Ebijimi*, 2018 IL App (1st) 170862, ¶ 51, 117 N.E.3d 1227, 1239 (internal quotation marks omitted).[5]

---

[4] Notably, "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie*, 705 F.3d at 609. This does not offend the notion that a court reviewing a motion to dismiss must "review all facts in the light most favorable to the non-moving party." *Id.*

[5] Plaintiff's assertion "[e]stoppel occurs when an insurer delays in raising policy defenses" and reliance on *W. Am. Ins. Co. v. J.R. Const. Co.*, 334 Ill. App. 3d 75, 86, 777 N.E.2d 610, 619 (2002), and *Cent. Mut. Ins. Co. v. Kammerling*, 212 Ill. App. 3d 744, 748, 571 N.E.2d 806, 809 (1991), are misguided. (*See* doc. 9 at 4). Those cases

Plaintiff alleges no facts establishing an estoppel claim. But even if he had, the denial letter defeats his claim for estoppel because the express reservation of the right to assert any defense provided by the policy precludes a finding of reasonable reliance by Plaintiff on any acts or conduct to the contrary; put another way, Plaintiff cannot claim Defendant's invocation of specific policy defenses in the denial letter reasonably led him to believe Defendant would not assert other policy defenses because Defendant expressly reserved the right to raise other policy defenses in that same letter.

In sum, Plaintiff cannot maintain a claim for waiver or estoppel. Because it is clear amendment would be futile, Count III is dismissed with prejudice. *See Glover*, 949 F.3d at 367–68.

---

involved the duty of an insurer to defend its insured and the following longstanding rule in Illinois:
> If [a] complaint alleges facts within the coverage of [a] policy or potentially within the coverage of [a] policy the insurer's duty to defend has been established. An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the fact of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. Where an insurer is uncertain as to the ex[t]ent its policy provides coverage, it has two options. The insurer must defend under a reservation of rights, otherwise the insurer must secure a declaratory judgment as to its rights and obligations before trial or settlement of the underlying action. Where the insurer takes neither course of action, its failure to defend is unjustified and it is estopped from later raising policy exclusions or defenses in a subsequent action by the insured or the insured's subrogee.

*Kammerling*, 212 Ill. App. 3d at 748 (internal quotation marks and citations omitted). This case does not involve an insurer's duty to defend.

8

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (doc. 8) is GRANTED; Count II is DISMISSED WITHOUT PREJUDICE and Count III is DISMISSED WITH PREJUDICE. Plaintiff may file an amended complaint curing the identified factual deficiencies within fourteen (14) days of the date of this Order.

SO ORDERED.

Entered this 26th day of March 2021.

                                                                  s/ Joe B. McDade
                                                                   JOE BILLY McDADE
                                          United States Senior District Judge