# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOHN W. SIMS, JR., JOHN W. SIMS, JR., *d/b/a Maxx Wireless*, ) ) ) Plaintiffs, ) ) v. ) ) MID-CENTURY INSURANCE COMPANY, ) ) ) Defendant. ) | Case No. 1:21-cv-01056 |

## ORDER & OPINION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. (Doc. 13). Plaintiff[1] has responded. (Doc. 17). This matter is therefore ripe for review. For the following reasons, the Motion is granted.

### BACKGROUND[2]

Plaintiff had an insurance policy through Defendant covering certain property in Peoria, Illinois, that was damaged by a fire in July 2019. (Doc. 11 at 2).[3] Plaintiff thereafter submitted a claim for insurance coverage to Defendant. *Id.* In June 2020,

---

[1] As the plaintiffs in this action are an individual and that individual's business identity, the Court will refer to them collectively as "Plaintiff" in the singular.
[2] Because the Court must accept all well-pleaded facts in the Complaint as true, *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018), the facts set out herein are drawn from the Amended Complaint (doc. 11), its exhibits, and the docket.
[3] The page numbers in the Court's citations refer to the Bates stamp created by the Court's CMECF system.

Defendant denied the claim for insurance coverage because "substantial evidence exist[ed] which [led] [it] to conclude no coverage [was] available based upon the policy's Intentional and Dishonest or Criminal Acts provisions and the policy's Concealment, Misrepresentation or Fraud provision." (Doc. 11 at 3; Doc. 11-2 at 2).

Plaintiff then filed suit against Defendant, alleging breach of contract and seeking relief under the Illinois Insurance Code, 215 ILCS 5/155. (Doc. 1-1 at 7–9).[4] The Court dismissed the section 155 claim and granted Plaintiff leave to amend. (Doc. 10 at 9, 5). Plaintiff thereafter filed an Amended Complaint alleging Defendant "knows there is no competent evidence" supporting Defendant's conclusion that Plaintiff was involved in the alleged arson. (Doc. 11 at 4). Defendant again moves to dismiss the section 155 claim, arguing the new allegations fail to cure the deficiencies identified in the Court's prior dismissal Order. (Docs. 13, 14).

## LEGAL STANDARD

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain a "short and plain statement of the [plaintiff's] claim" sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead

---

[4] Plaintiff's original Complaint also sought a declaration that Defendant waived and/or is estopped from raising policy defenses not identified in the denial letter (doc. 1-1 at 9), but that Count was dismissed with prejudice (doc. 10 at 8).

extensive facts or legal theories; rather, the complaint need only contain enough facts "to present a story that holds together." *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted that the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

On review of a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.'" *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). The court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of Teamsters, Loc.* 781, 947 F.3d 464, 469 (7th Cir. 2020). "'Naked assertions devoid of factual enhancement' [are] insufficient." *Dabbs v. Peoria Cnty. Ill.*, No. 1:16-cv-01463, 2017 WL 3574999, at *2 (C.D. Ill. Jan. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 690 F. App'x 416 (7th Cir. 2017).

## DISCUSSION

In Count II of the Amended Complaint, Plaintiff seeks statutory relief under section 155 of the Illinois Insurance Code, which provides, in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance . . . and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of [three designated] amounts.

215 ILCS 5/155(1). "As described by the Supreme Court of Illinois, section 155 provides an 'an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.' " *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519, 675 N.E.2d 897, 900 (1996)). However, "[i]f there is a bona fide dispute regarding coverage—meaning a dispute that is [r]eal, genuine, and not feigned—statutory sanctions [under section 5/155] are inappropriate." *Id.* (quoting *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007)); *see also Nine Grp. II, LLC v. Liberty Int'l Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 44 (gathering cases and stating "Section 155 costs and sanctions are inappropriate when a *bona fide* dispute regarding coverage exists"), *appeal denied*, 154 N.E.3d 803 (Ill. 2020); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) ("[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim

4

presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." (citations omitted)).

Here, Defendant denied Plaintiff's insurance claim after conducting an extensive review because it concluded "substantial evidence exist[ed] which [led] [it] to conclude no coverage [was] available based upon the policy's Intentional and Dishonest or Criminal Acts provisions and the policy's Concealment, Misrepresentation or Fraud provision." (Doc. 11-2 at 1–2). Specifically, Defendant concluded Plaintiff was involved in intentionally setting the fire which gave rise to the insurance claim at issue and concealed matters from Defendant during its investigation of the claim, including his involvement in the alleged arson, his contacts with Perry Manuel,[5] and his financial and credit history. (Doc. 11-2 at 5). In the denial letter, Defendant provided an extensive, detailed synopsis of the evidence supporting its conclusion. *Id.* at 3–5. This Court previously determined that the dispute over coverage was bona fide in light of the foregoing facts. (Doc. 10 at 5).

Plaintiff now calls the competency of Defendant's evidence into question by alleging "Mid-Century[ ] knows there is no competent evidence that Perry Manuel set or started the fire . . . John Sims set or started the fire . . . [or] that John Sims retained, authorized or instructed any third-party to set or start the fire" and that "[d]espite this knowledge . . . Mid-Century rejected Plaintiffs' claims . . . ." (Doc. 11 at 4–5). Plaintiff argues these allegations are enough for his section 155 claim to survive

---

[5] Perry Manuel has been charged with arson in connection with the fire at issue herein and is set to stand trial in the Illinois Circuit Court for the Tenth Judicial Circuit, case number 20-CF-00284-1.

5

dismissal because he need only "state a modicum of factual support." (Doc. 17 at 2) (quoting *McGee v. State Farm Fire & Cas. Co.*, 315 Ill. App. 3d 673, 681, 734 N.E.2d 144, 151 (2000)).

Plaintiff's case is distinguishable from the one he relies upon, however. In *McGee*, the complaint detailed actions taken by the defendant that indicated no bona fide dispute over coverage existed; for instance, the complaint alleged facts suggesting the defendant refused to provide a copy of the insurance policy and intentionally misled the plaintiff about its contents, inadequately investigated the claim, and delayed payment post-appraisal. 315 Ill. App. 3d at 682. Such allegations, in consideration of "the totality of the circumstances," provided adequate factual support for the claim that the defendant vexatiously refused to pay in consideration of "the totality of the circumstances." *See id.* Whereas here, Plaintiff asserts no factual allegations, aside from a purported mental state, that would indicate Defendant's denial of his insurance claim was vexatious or unreasonable. Rather, Plaintiff baldly asserts Defendant is aware it operated in bad faith. This assertion flounders, however, because Plaintiff fails to provide any contextual support that lends credence to the alleged mental state. If such a plain assertion of bad faith were deemed sufficient to satisfy the pleading standard, then any conclusory allegation of knowledge, even one "devoid of factual enhancement" from which such an inference might be extracted, *Dabbs*, 2017 WL 3574999, at *2 (quoting *Iqbal*, 556 U.S. at 678), would, too.

In the absence of additional facts to support a plausible inference of bad faith, the Court must reject Plaintiff's new allegations of knowledge as "sheer speculation" and "bald assertions." *Taha*, 947 F.3d at 469. Indeed, all available facts contradict, rather than support, Plaintiff's assertions. Defendant's investigation, the findings of which were incorporated into Plaintiff's First Amended Complaint, included scrutiny of phone records and surveillance footage as well as testimony under oath. (Docs. 11 at 2, 11-1). By all external appearances, it can be described as meticulous, and the written findings therefrom as reasonable interpretations of the evidence gleaned.[6] That Plaintiff denies the findings does not by itself render Defendant's conclusions unreasonable or vexatious. Moreover, the available facts suggest Plaintiff did, in fact, deceive Defendant regarding aspects of his claim separate from the alleged arson (*i.e.*, his financial and credit history). This itself could provide an independent and legitimate basis for Defendant's denial of coverage. For these reasons, the Court continues to find the parties' dispute over coverage is bona fide.

The Court has already provided Plaintiff an opportunity pursuant to Federal Rule of Civil Procedure 15(a)(2) to cure his Complaint of these defects. (Doc. 10 at 5). Plaintiff has failed to do so, and the Court can identify no reason to allow Plaintiff a third bite at the apple. *See generally Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) ("[D]istrict courts have broad discretion to deny leave to

---

[6] "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). This does not offend the notion that a court reviewing a motion to dismiss must "review all facts in the light most favorable to the non-moving party." *Id.*

amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). Consequently, Count II is dismissed with prejudice.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (doc. 13) is GRANTED; Count II is DISMISSED WITH PREJUDICE. This matter shall proceed solely on Count I.

SO ORDERED.

Entered this 15th day of June 2021.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge